UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RUSSELL LEE FINLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Nos. 3:18-CV-146; 3:15-CR-007 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Russell Lee Finley has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Doc. 1].[1] The United States has responded in opposition to the motion [doc. 4], and Petitioner has not replied. The matter is now ripe for resolution.

The Court finds the materials submitted, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide this matter without an evidentiary hearing. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court finds that Petitioner's motion to vacate is without merit. The motion will be denied and dismissed with prejudice.

---

[1] All docket references are to Case No. 3:18-CV-146 unless otherwise noted.

I.

*Background*

In 2015, Petitioner was charged in this court with six counts of robbery. [Case No. 3:15-CR-007, doc. 9]. In March 2015, Petitioner entered into a plea agreement with the government. [*Id.*, docs. 15-16]. He agreed to plead guilty to one count of bank robbery and two Hobbs Act counts. [*Id.*, doc. 15]. As part of his plea agreement, Petitioner agreed to waive most of his appellate rights, with the exception that he "retain[ed] the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater." [*Id.*, p. 8].

On April 8, 2015, the Court conducted a change of plea hearing. At that hearing, Petitioner affirmed under oath that his attorney had explained all of the plea agreement's provisions to him. [Doc. 37, p. 6]. The Court confirmed that Petitioner understood the waiver provisions in his plea agreement and that he indeed wished to plead guilty. [*Id.*, p. 14-16].

The probation office subsequently disclosed its Presentence Investigation Report ("PSR"). [*Id.*, doc. 21]. The PSR deemed Petitioner a career offender pursuant to United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 4B1.1 due to two prior robbery convictions (one federal and one from Ohio). [*Id.*].

Three days after the PSR's disclosure, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidating the residual clause of the

2

*Armed Career Criminal Act* ("ACCA"), 18 U.S.C. § 924(e). Through counsel, Petitioner

soon objected to his designation as a career offender *under the guidelines*. [Case No. 2:15-

CR-007, doc. 23]. Specifically, Petitioner sought to extend *Johnson*'s ACCA holding to

the sentencing guidelines, objecting that his Ohio career offender predicate was no longer

a crime of violence under § 4B1.1's residual clause.

By order entered September 30, 2015, the Court overruled Petitioner's objection.

[*Id.*, doc. 30]. The Court conducted Petitioner's sentencing hearing the following month

and imposed a within guidelines sentence of 156 months' imprisonment in this case.

Petitioner appealed. [*Id.*, doc. 35]. Through counsel—the same counsel who

represented him before this Court—Petitioner again presented the argument that, per

*Johnson*, he should not be deemed a career offender under the guidelines. [*Id.*, docs. 38,

40]. The United States moved to dismiss the appeal due to Petitioner's appellate waiver,

but the Sixth Circuit denied that motion. [*Id.*, doc. 38].

This Court's judgment was subsequently affirmed. [*Id.*, doc. 40]. Noting that

Petitioner's "appellate waiver arguably precludes his appeal," the Sixth Circuit nonetheless

considered Petitioner's appeal on its merits and held that he was "properly sentenced as a

career offender." [*Id.*].

With the assistance of his sentencing/appellate counsel, Petitioner then sought a writ

of certiorari with the Supreme Court. *See* Supreme Court of the United States,

https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/16-

3

9397.html (last visited June 30, 2020).  On October 2, 2017, that petition was denied.  [Case No. 3:15-CR-007, doc. 44].

On April 9, 2018, Petitioner timely filed his *pro se* § 2255 motion in this court.

## II.

### *Standards of Review*

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Jefferson v. United States*, 730 F.3d 537, 549-50 (6th Cir. 2013) (applying *Brecht* test to § 2255 motion).  A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief.  *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

"[A] pro se petitioner's section 2255 motion is entitled to a generous construction." *Fields v. United States*, 963 F.2d 105, 109 (6th Cir. 1992).  Nevertheless, when a movant files a § 2255 motion, she must set forth facts which entitle her to relief.  *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir.

4

1961). A motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

When a § 2255 movant claims he was denied his Sixth Amendment right to effective assistance of counsel, a court must presume that counsel provided effective assistance, and the movant bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003). To meet that burden, a petitioner must prove that specific acts or omissions by his attorney were deficient and that the attorney failed to provide "reasonably effective assistance," which is measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[T]he constitutional right at issue here is ultimately the right to a fair trial, not to perfect representation." *Smith v. Mitchell,* 348 F.3d 177, 206 (6th Cir. 2003) (citing *Strickland*). A court's "role on habeas review is not to nitpick gratuitously counsel's performance. *Smith*, 348 F.3d at 206.

Next, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," *id.*, and "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citation and internal quotation marks omitted). The prejudice test is modified in the context of a guilty plea— a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v.*

5

*Lockhart*, 474 U.S. 52, 59 (1985). Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

A petitioner alleging ineffective assistance of counsel bears "a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task . . . and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

## III.

### *Discussion*

Petitioner presents two claims, each a rehashing of his post-plea and appellate legal journey. The Court will address those claims in turn.

### A. Ineffective Assistance of Counsel

By his first claim, Petitioner repackages the argument that his prior Ohio robbery conviction can no longer serve as a career offender predicate after *Johnson*. [Doc. 1, p. 5]. According to Petitioner, he

6

did infact [sic] rely on the knowledge of his attorney to bring forth a meaningful argument showing and proving that this prior robbery <u>can not</u> be used to enhance the defendants [sic] sentence. <u>Case cites withheld.</u> Moreover this prior offense is <u>not</u> a crime of violence. Case Cites withheld. Counsel <u>failed</u> to fully address and urge the court to fully review the facts and laws of this prior robbery conviction. It is clear that the Defendant's robbery case does not qualify as a crime of violence, and his counsel FAILED to address these clear cut facts of his case. and [sic] due to this fact his counsel is ineffective. We need to shed a light on counsels [sic] ineffectiveness. Counsel had a duty, to fully be versed in all current laws to provide adequate legal representation. had [sic] counsel provided effective litigation the outcome would be different.

[*Id.*] (emphasis in original).

This claim is wholly without merit. Counsel *did* vigorously and competently raise the objection that, under *Johnson*, the Ohio career offender predicate should not count. Counsel did so before this Court, and then before the Sixth Circuit Court of Appeals, and then to the United States Supreme Court.

By expressly choosing to "withhold case citations" from his claim, Petitioner has failed to prove (or even suggest) what more counsel should have done. In what "current laws" was counsel not fully versed? What "meaningful argument" did counsel neglect? What "facts and laws" did counsel not fully address? Petitioner "sheds a light" on none of these points. Again, a motion that merely states general conclusions of law without substantiating its allegations with facts is without legal merit. *Loum*, 262 F.2d at 867.

Not only has Petitioner failed to prove specific acts or omissions by his attorney that were deficient, he has also failed to demonstrate prejudice. His desired *Johnson* argument was presented to this Court, the appellate court, and the Supreme Court. Petitioner's first claim fails at each *Strickland* prong and will be dismissed.

7

## B. Appellate Waiver

By his second claim, Petitioner argues that the appellate waiver contained in his plea agreement "does not foreclose a [sic] appellate review." [Doc. 1, p. 6]. That is an argument that should have been—and in fact was—presented to the appellate court. *See, e.g., Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999). Even if that were not the case, Petitioner has not demonstrated "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short*, 471 F.3d at 691.

Further, to the extent that Petitioner's second claim could be construed as an allegation of ineffective assistance of counsel, Petitioner has again failed to demonstrate prejudice. Either way his claim is construed, Petitioner's desired *Johnson* argument was presented to and considered by the Sixth Circuit, notwithstanding his appellate waiver. Petitioner's second claim will therefore be dismissed.

## IV.

### *Conclusion*

For the reasons discussed in this Memorandum Opinion, Petitioner's § 2255 motion to vacate [Doc. 1] will be **DENIED** and **DISMISSED**.

## V.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated

8

a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined each of Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

9