UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CR-7-TAV-JEM-1 |
| RUSSELL LEE FINLEY, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion [Doc. 59], which the Court construes as requesting (1) a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines Manual; and (2) appointment of counsel for purposes of filing a civil lawsuit. As to the § 3582(c)(2) request, the Federal Defender Services of Eastern Tennessee ("FDSET") has filed a notice of no intention to supplement the pro se motion [Doc. 61], and the government has responded in opposition [Doc. 63]. The Court will first address defendant's request for appointment for counsel before turning to whether defendant is eligible for a sentence reduction under § 3582(c)(2) and Amendment 821.

## I. Appointment of Counsel

Defendant's motion appears to request appointment of counsel to assist in filing a motion for a sentence reduction under § 3582(c)(2) and Amendment 821, as well as to assist in filing a civil lawsuit for assault [Doc. 59].

As to a motion for a sentence reduction, Standing Order 24-05 directs FDSET to evaluate cases that may be affected by Amendment 821, and appoints FDSET to represent any such defendants for purposes of filing a motion on their behalf. SO 24-05. The standing order also directs that, when a defendant files a pro se motion, FDSET shall either file a supplemental motion or a notice of no intention to file a supplemental motion. *Id.* And, in this case, FDSET has reviewed defendant's case and filed a notice of no intention to supplement [Doc. 61]. Accordingly, to the extent that defendant seeks appointment of counsel for purposes of filing a motion pursuant to Amendment 821, such is **DENIED as moot**.

To the extent that defendant seeks appointment of counsel to assist him in filing a civil lawsuit, the Court notes that "[i]ndigent parties do not have a constitutional right to counsel in civil cases, and the appointment of counsel is warranted only in exceptional circumstances." *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022). In deciding whether to appoint counsel in a civil case, the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the factual and legal issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (internal quotations omitted).

Here, defendant only asserts that he was "assaulted by staff" and is "trying to file charges on the assault" and would like "some help with the legal procedures" [Doc. 59]. But a civil complaint for assault is not particularly complex, and defendant has not provided

any factual reason that he would not be able to represent himself in such a civil action. Accordingly, defendant has not established that appointment of counsel is warranted, and his request is **DENIED**.

## II.     Amendment 821

### A.     Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set

forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii)

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sent'g Guidelines § 1B1.10(b)(2)(B).

4

### B. Factual Background

Defendant pleaded guilty to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of bank robbery, in violation of 18 U.S.C. § 2113 [Doc. 15]. At the time of sentencing, defendant received seven criminal history points based on his prior conviction [Presentence Investigation Report ("PSR") ¶ 70]. Two points were added because defendant committed the instant offenses while under a criminal justice sentence in United States District Court for the Eastern District of Tennessee [*Id.* ¶ 71]. A total of nine criminal history points resulted in a criminal history category of IV [*Id.* ¶ 72]. However, because defendant was deemed a career offender under the Guidelines, consistent with § 4B1.1(b), his criminal history category was increased to VI [*Id.* ¶ 73]. Based on a total offense level of 29 and a criminal history category of VI, the PSR calculated defendant's guideline range as 151 to 188 months [*Id.* ¶ 92].

The Court sentenced defendant on October 21, 2015, to 156 months' imprisonment [Doc. 33]. According to the Bureau of Prisons' website, defendant is presently scheduled for release on May 18, 2028. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed July 1, 2025).

### C. Analysis

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. Sent'g Guidelines Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction

while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

6

*Id.*

Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. Sent'g Guidelines Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant does not specify which section of Amendment 821 he proceeds under. But defendant clearly does not qualify for a two-level reduction as a zero-point offender under § 4C1.1, because he had seven criminal history points before the addition of any "status points" [PSR ¶ 70]. Thus, defendant does not meet the first criteria of § 4C1.1, that is, that he not receive any criminal history points under Chapter Four of the Guidelines. U.S. Sent'g Guidelines Supp. to App. C, amend. 821.

More likely, defendant seeks a sentence reduction under § 4A1.1, which reduced the "status points" added to defendant's criminal history from two points to one point where he "receives 7 or more points under subsections (a) through (d)." *Id*. Because defendant's prior convictions yielded 7 criminal history points, and he is now subject to one status point, his total criminal history points amount to 8 rather than 9 [*see* PSR ¶¶ 70–72]. However, even in light of this reduction, defendant's criminal history category remains at VI because he is a Career Offender [*Id.* ¶ 73]. *See* USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category

7

VI"). Therefore, the applicable guideline range in this case remains unchanged because it is still based on a criminal history category of VI. *Id*.

Thus, defendant was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Court therefore lacks authority to reduce his sentence under § 3582(c)(2) and Amendment 821. U.S. Sent'g Guidelines Manual § 1B1.10(a)(2)(B).

### III. Conclusion

For the reasons stated herein, defendant's motion [Doc. 59] is **DENIED**.

IT IS SO ORDERED.

                                             s/ Thomas A. Varlan
                                             UNITED STATES DISTRICT JUDGE